DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA 94513
TELEPHONE: 925-516-4686
FACSIMILE:  925-516-4058
EMAIL: deltalawgroup@yahoo.com

Attorneys for Plaintiff
CARL HERRERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HERRERO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

# I. INTRODUCTION

1. Defendant made repeated telephone calls to Plaintiff's cellular telephone, in connection with an attempt to collect a debt, despite his repeated requests they cease, and without his consent. Defendant placed numerous telephone calls on the same day.

2. Defendant used automated dialing systems, and pre-recorded messages to telephone Plaintiff's cellular phones in violation of the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, and the Rosenthal Fair Debt Collection Practices Act.

3. Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, depression, loss of concentration, amongst other injuries.

4. It is the pattern and practice, and the business plan of Defendant to place repeated and continuous telephone calls to consumers in an abusive and intrusive manner, and fail to cease and desist communicating, and to contact consumers at inconvenient times, which conduct has the natural consequence to annoy, oppress, harass and abuse.

5. This is an action for damages brought by a consumer to redress the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. In 2000, the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) into the California FDCPA. See Civil Code §1788.17.

6. According to 15 U.S.C. § 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

## II. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue

in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

8. Plaintiff CARL HERRERO (hereinafter "Plaintiff") is a natural person residing in Contra Costa County in the State of California.

9. On information and belief, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a foreign limited liability company doing business in California (hereinafter "PORTFOLIO"). PORTFOLIO, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

10. Defendant PORTFOLIO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2.

11. At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendant is jointly and severally liable to the Plaintiff for their conduct. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

12. Any reference hereinafter to "Defendant" or "PORTFOLIO", without further qualification, is meant by Plaintiff to refer to such Defendant named above.

### IV. FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff is an individual residing within the State of California.

14. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

15. At all times relevant herein Plaintiff had a credit card issued by GE Capital.

16. Beginning approximately three years ago, Defendant PORTFOLIO and/or its agents began calling Plaintiff on the cell phone of Plaintiff (925) 766-8994. Plaintiff uses this cell phone for his work, and Defendant would repeatedly call Plaintiff interrupting Plaintiff at work. He repeatedly told Defendant to stop calling him. Despite Plaintiff's numerous requests, Defendant refused to do so.

### V. FIRST CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

18. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19. As a result of each and every Defendant's violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

### VI. SECOND CAUSE OF ACTION – ROSENTHAL FDCPA

20. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

21. The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitutes numerous and multiple unfair

and harassing practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.11(d), 1788.11(e), and 1788.17.

22. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## VII. THIRD CAUSE OF ACTION – INTRUSION UPON SECLUSION

23. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

24. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

25. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

26. Defendants' abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

27. Defendant intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

28. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

29. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VIII.  FOURTH CAUSE OF ACTION – TCPA

30.  Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

31.  At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

32.  At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

33.  The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C. § 153(43).

34.  The Defendant at all times relevant to the complaint herein engages in "interstate" communications by the TCPA U.S.C. § 153(22).

35.  At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

36.  At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(1).

37.  Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

38.  Defendant frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer and auto-dialer) and/or an artificial or prerecorded voice.

39. Defendant violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

40. Defendant's violations were willful and knowing.

41. As a result of these violations of the TCPA, Defendant is liable to Plaintiff for statutory damages, including treble damages.

42. Defendant engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

43. Defendant's acts were willful, intentional and knowing.

44. Defendant acted with oppression, fraud, and/or malice, thereby entitled Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

45. Plaintiff is entitled to recover actual and punitive damages.

## IX. FIFTH CAUSE OF ACTION – NEGLIGENCE

46. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated therein.

47. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

48. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

49. Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

50. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

51. Defendant owed a duty to refrain from outrageous and unlawful calls in connection with its attempts to collect a debt.

52. Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of his rights.

53. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

54. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## X. SIXTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

55. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

56. Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

58. Defendant acted with oppression, and/or malice, thereby entitled Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- Statutory and actual damages pursuant to California Civil Code § 1788 et seq.;
- Costs and reasonable attorney's fees pursuant to Civil Code § 1788 et seq.;
- Actual and punitive damages;
- Award statutory damages in the amount of $500.00 for each violation of the TCPA against Defendant, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B); and

///
///
///

- For such other and further relief as may be just and proper.

DATED: November 21, 2014          DELTA LAW GROUP

                                  BY: _____
                                       JIM G. PRICE
                                       Attorneys for Plaintiff
                                       CARL HERRERO

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED: November 21, 2014          DELTA LAW GROUP

                                  BY: _____
                                       JIM G. PRICE
                                       Attorneys for Plaintiff
                                       CARL HERRERO

## VERIFICATION

I, CARL HERRERO, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 18th day of November, 2014, at Brentwood, California.

_____
CARL HERRERO